MICHAEL R. FEINBERG, ESQ. (89196)
mrf@ssdslaw.com
MARGO A. FEINBERG, ESQ. (100655)
margo@ssdslaw.com
SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
888 W. 6th Street, 12th Floor
Los Angeles, California 90017-2738
Telephone: 323-655-4700

Attorneys for Defendant,
DIRECTORS GUILD OF AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RANDALL MILLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTORS GUILD OF AMERICA INC, a California non-profit corporation,<br><br>Defendant. | Case No. 2:25-cv-08118-HDV (Ex)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS**<br><br>**[CAL. CODE OF CIV PROC., § 128.7]**<br><br>Hearing      November 6, 2025\\<br>Time:           10:00 a.m.<br>Courtroom:   5B<br>First Street Courthouse<br>350 W. 1st Street, 5th Floor<br>Los Angeles, California 90012<br><br>Complaint Filed in LASC: July 30, 2025 |

## TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ..................................................................................................2

I      INTRODUCTION ................................................................................................ 3

II     PROCEDURAL BACKGROUND ...................................................................... 3

III    ARGUMENT ........................................................................................................ 3

      A.    LEGAL STANDARD ................................................................................ 3

           1.    Sanctions Under Cal. Code of Civ. Proc. § 128.7 .................................. 4

      B.    **PLAINTIFF'S COMPLAINT IS FRIVOLOUS BECAUSE EACH CLAIM IS TIME BARRED, AND THUS WITHOUT LEGAL BASIS.**......................... 5

      C.    **PLAINTIFF'S COMPLAINT IS FRIVOLOUS BECAUSE EACH CLAIM WAS MADE WITHOUT REASONABLE AND COMPETENT INQUIRY**................................................................................................. 7

      D.    **PLAINTIFF'S COMPLAINT IS FRIVOLOUS BECAUSE IT IS REPLETE WITH FALSE ALLEGATIONS THAT HE WAS EXPELLED FROM DGA MEMBERSHIP.** ........................................................................................ 8

IV CONCLUSION ...................................................................................................... 9

CERTIFICATION OF WORD COUNT .............................................................................. 10

# I

# INTRODUCTION

Defendant Directors Guild of America, Inc (the "DGA") believes sanctions motions should be used sparingly and only with respect to the most justifiable of circumstances. This is one of those instances. The DGA respectfully requests that the Court award sanctions pursuant to Cal. Code of Civ Proc. § 128.7 against Plaintiff Randall Miller and/or his Attorney Gregory Aldisert, Esq. This motion is brought in response to Plaintiff's Complaint, which asserts three causes of actions that are each clearly time barred by the applicable statute of limitations and are premised upon a pivotal allegation that is false. The untimeliness of his claims should have been readily apparent to Plaintiff's attorney and the true undisputable facts were provided to him prior to the filing of this action.

Ultimately, because of Plaintiff's attempt to bring frivolous, expired claims, the DGA has been forced to unnecessarily incur attorney's fees it otherwise had no reason to incur. Accordingly, sanctions under Cal. Code of Civ. Proc. § 128.7 are warranted.

# II

# PROCEDURAL BACKGROUND

Plaintiff initiated this proceeding on July 30, 2025, by filing a Complaint in Los Angeles County Superior Court. (DKT No. 1-1) On August 28, 2025, the action was removed to this Court. (DKT. No. 1). On September 4, 2025, the DGA served the instant motion on Plaintiff and filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

# III

# ARGUMENT

A.  **LEGAL STANDARD**

The DGA requests that this Court impose sanctions under California Code of Civil Procedure, §128.7, which authorizes the imposition of sanctions for Plaintiff's frivolous filings. Cal. Cod. Civ. Proc. § 128.7(b)(2); *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1268 (9th Cir. 2017) (finding that the authorization of an award of attorneys' fees against a party that brought a

frivolous claim is "consistent with" Section 128.7); *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) *Valladares v. Superior Court*, No. 94-15202, 1994 U.S. App. LEXIS 28411, at *4 (9th Cir. Oct. 6, 1994) (upholding comparable Rule 11 sanctions against the plaintiff and finding that the plaintiff's action was "frivolous" because, *inter alia*, the plaintiff's action "clearly was time barred".).

### 1. Sanctions Under Cal. Code of Civ. Proc. § 128.7

The California Code of Civil Procedure's rule for sanctions mirrors Rule 11; it makes an attorney's signature on every court filing a certification that, after an "inquiry reasonable under the circumstances," the signing attorney determined that "[t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that "[t]he allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Cal. Code. Civ. Proc. § 128.7(b)(2)-(3).

Because Section 128.7 was modeled after Rule 11, courts have looked to interpretations of Rule 11 to interpret Section 128.7. *See, e.g., Musaelian v. Adams*, 45 Cal.4th 512, 517-18 (2009) (finding the federal courts' interpretations of Rule 11 to be "particularly pertinent" when interpreting Section 128.7); *Bockrath v. Aldrich Chem. Co.*, 21 Cal.4th 71, 82 (1999) (citing to an application of Rule 11 when applying Section 128.7).

Thus, a federal court may impose sanctions under state law for frivolous pleadings filed in state court before removal. *Reynolds v. McLaren Auto., Inc., No. 3:23-cv-01928-W-MMP, (S.D. Cal. May 6, 2024)* (quoting *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (applying state sanctions rule to a state court complaint removed to federal court because "[i]f the state pleading rules did not apply, then nothing would govern the original pleadings"); *Griffen v. City of Oklahoma City*, 8 F.3d 336, 341 (10th Cir. 1993) (same)); *Pillos v. Thigpen Ltd.*, No. C-95-2170-VRW, 1996 U.S. Dist. LEXIS 3147, at *2 (N.D. Cal. Mar. 12, 1996) (same).

//
//

**B.    PLAINTIFF'S COMPLAINT IS FRIVOLOUS BECAUSE EACH CLAIM IS TIME BARRED, AND THUS WITHOUT LEGAL BASIS.**

Plaintiff's Complaint is frivolous—and therefore subject to Section 128.7 sanctions—because his Complaint "offers no reasonable basis for which the action could proceed." *Estate of Blue, supra*, 120 F.3d 985.  The DGA's attorneys informed Plaintiff's counsel, in a detailed letter, of all of the defects in the claims asserted months prior to the filing of the Complaint in this action.

Plaintiff's First Cause of Action for Breach of Written Contract alleges that the DGA violated various provisions of the DGA's Constitution and Bylaws (See, Complaint [DKT No. 1-1] ¶¶ 34-52) in disciplining and expelling him from DGA membership in 2022 for his conduct as a motion picture film director on the film, "Midnight Rider," during the course of which a camera assistant on the film crew was killed on set.[1] For its part, the DGA denies that any such discipline was imposed on Plaintiff or that Plaintiff was ever expelled from union membership. Despite having been informed Plaintiff was never expelled from the DGA (see Declarations of Michael R, Feinberg and Morgan Rumpf submitted herewith), Plaintiff premised his alleged causes of action on this false allegation. The claim is also time barred.

This claim, although it is artfully plead as arising under State law, is a claim that is inherently one for breach of an "agreement" within the meaning of Section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C.§185(a). *United Ass'n of Journeymen, etc. v. Local 334 ("Plumbing and Pipefitting")*, 452 U.S. 615, 619-622, 101 S.Ct. 2546 (1981); *Kinney v. IBEW*, 669 F.2d 1222, 1229 (9th Cir. 1982).  It is well-settled that State law claims based upon such alleged contractual duties are preempted by federal law. *See, Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 1881 (1988); *Allis-Chalmers*

---

[1] According to Plaintiff's Complaint [DKT No. 1-1] ¶ 2, "During the filming of the motion picture Midnight Rider about the life of Greg Allman from the Allman Brothers Band, a tragic accident occurred on February 20, 2014 while on set in Wayne County in Southern Georgia that resulted in the death of a production crew member, Sarah Jones…  The District Attorney's office in Wayne County brought criminal charges for manslaughter and criminal trespass against both Miller and [his co-producer Jody] Savin. … Miller agreed to plead guilty to criminal trespass and involuntary manslaughter charges on March 9, 2015 …. Miller agreed to serve one year in the county jail and ten years on supervised probation that would continue until March 2025. …. [H]e served 382 days in jail."

*Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904 (1985); *Wooddell v. IBEW*, 502 U.S. 93, 112 S.Ct. 494 (1991); *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) [citing *IBEW v. Heckler*, 481 U.S. 851, 107 S.Ct. 2161, 2165 (1987)]

As such, Plaintiff's First Cause of Action is preempted by Federal labor law and is therefore subject to the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, as amended ("NLRA"), 29 U.S.C. §160(b). *Moore v. Local 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1540-42 (9th Cir. 1999). Since the events giving rise to Plaintiff's First Cause of Action occurred in 2022 (as acknowledged in the Complaint)— which is more than six months prior to the filing of this action—it is time-barred.

Thus, the First Cause of Action is precisely contrary to California Code of Civil Procedure § 128(b)(2): "[t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," warranting sanction of Plaintiff's counsel.

Plaintiff's Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing alleges that the DGA breached this covenant because it did not act fairly and in good faith in its alleged decision to expel him from the union. (See, Complaint [DKT No. 1-1] ¶¶ 53-59). The State law claim for implied covenant of good faith and fair dealing is a guarantee that derives from the "contract" (*i.e.*, the DGA Constitution) and is defined by the contractual obligation of good faith.  As it is based on a Section 301(a) agreement, this covenant is preempted by Federal labor law, *Garcia v. SEIU*, 993 F.3d 757, 765 (9th Cir. 2001), and, importantly, is subject to the six-month statute of limitations provided by Section 10(b) of the NLRA, 29 U.S.C. 160(b). *Moore, supra*, 989 F.2d at 1540-44; *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987).  Since the events giving rise to Plaintiff's Second Cause of Action occurred in 2022—more than six months prior to the filing of this action—it is similarly time-barred.

Again, like the First Claim, the Second Cause of Action is precisely contrary to California Code of Civil Procedure § 128(b)(2): "[t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or

reversal of existing law or the establishment of new law," warranting sanction of Plaintiff's counsel.

Plaintiff's Third Cause of Action for Breach of Common Law Duty of Fair Procedure is based upon the DGA's alleged conduct during disciplinary procedures that purportedly resulted in Miller's expulsion from membership in the DGA. (*See*, Complaint [DKT No. 1-1] ¶¶60-68). As with Plaintiff's Second Cause of Action, this Third Cause of Action derives from and requires interpretation of the DGA's Constitution (a Section 301(a) agreement).  Under Federal labor law, the Third Cause of Action, a claim that requires the interpretation of a union's constitution, is completely preempted by Federal labor law. *Chadwick v. IBEW*, 20 Fed. Appx. 622, 622 (9th Cir. 2001); *Layton v. Int'l Ass'n of Machinists & Aero. Workers,* 285 F. App'x 340, 341 (9th Cir. 2008); *Adkins v. Mireles*, 526 F.3d 531, 540 (9th Cir. 2008); *Kingi v. SAG-AFTRA*, No. 2:24-cv-01996-JLS-JC, 2024 U.S. Dist. LEXIS 126331, at *11 (C.D. Cal. July 17, 2024).

As such, the Third Cause of Action is subject to the same six-month statute of limitations. *See Moore, supra*, 989 F.2d at 1540-4.  The events giving rise to Plaintiff's third cause of action, as alleged in the Complaint, occurred in 2022—more than six months prior to the filing of this action. Therefore, Plaintiff's Third Cause of Action is time-barred.

And thus, like First and Second Claims, the Third Cause of Action is precisely contrary to California Code of Civil Procedure § 128.7(b)(2): "[t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," warranting sanction of Plaintiff's counsel.

## C. PLAINTIFF'S COMPLAINT IS FRIVOLOUS BECAUSE EACH CLAIM WAS MADE WITHOUT REASONABLE AND COMPETENT INQUIRY

As mentioned above, the DGA does not take this request lightly.  But Section 128.7(b) provides that "[b]y presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney … is certifying that to the best of the person's knowledge, information, and belief, *formed after an*

//

*inquiry reasonable under the circumstances*, all of the following conditions [described in Section III(A)(1) of this Memorandum, *supra*] are met… ."

Here, sanctions pursuant to Section 128.7 are warranted because any reasonable investigation would have revealed that, as discussed *supra*, all three purported causes of action are preempted and time-barred by operation of Federal labor law. Any basic research into United States Supreme Court precedent and its progeny, *supra*, would have easily discovered the fatal problems inherent in Plaintiff's legal theories.

Indeed, that research was provided to Plaintiff's attorney for his consideration well in advance of the decision to file this lawsuit. Plaintiff's attorney had been specifically advised of the preemptive effective of Section 301(a) and the untimeliness of Plaintiff's claims in a May 8, 2025 letter from Defendant's counsel. (*See*, Feinberg Declaration, Exhibit 1, Page 2).

D.  **PLAINTIFF'S COMPLAINT IS FRIVOLOUS BECAUSE IT IS REPLETE WITH FALSE ALLEGATIONS THAT HE WAS EXPELLED FROM DGA MEMBERSHIP.**

Another condition that a signatory attorney certifies by filing a complaint for their client is that "The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." C.C.P. § 128.7(b)(3).

Here, Plaintiff himself was fully aware that he had never been expelled from membership in the DGA. Throughout the period 2017 to date, he was a member in good standing of the DGA and continued to regularly pay his union dues. Indeed, he ran for a seat on the DGA's Western Directors Council, a union office, on at least three occasions since November 2017 (in 2022, 2024, and 2025), albeit unsuccessfully. (*See*, Rumpf Declaration) The DGA Constitution and Bylaws provides that only members in good standing may run for and hold office in the DGA, and DGA staff ensures each candidate is a member in good standing at the time they run for office. These facts clearly establish Plaintiff understood he was not expelled from the union and remained a member in good standing. (*See*, Rumpf Declaration) Nonetheless, Plaintiff's counsel repeatedly asserted in the Complaint herein that he had been expelled from membership.

(Complaint, ¶¶1, 7, 8, 25, 26, 46, 57, 58(iv) and 64).

Moreover, in making these allegations, Plaintiff's counsel ignored contrary information that had been provided directly to him by the DGA on May 8, 2025, prior to the filing of this action. (*See*, Feinberg Declaration, Ex. 1, p. 1: "[Miller's] membership status with the Guild has remained unchanged since the end of his [earlier] one-year suspension on November 30, 2017. As he continued to pay his dues and has run for a seat on the Western Directors Council on more than one occasion since November 2017, Mr. Miller cannot argue that he only now discovered there was no change in his membership status.")

The assertion of these false facts in a pleading is precisely proscribed by Section 128.7(b)(3), warranting sanction of Plaintiff's counsel, who was under a duty to conduct "an inquiry reasonable under the circumstances" and failed to do so.

## IV

## CONCLUSION

As set forth above, sanctions against Plaintiff's attorney[2] are warranted because each claim brought against the DGA is frivolous in that they are barred by the statute of limitations, and any reasonable and competent inquiry would have led to that conclusion. Further his assertion of false facts in the face of evidence to the contrary also belies any claim that he conducted a reasonable and competent inquiry. As a sanction, the DGA should be awarded its reasonable attorneys' fees and costs of suit incurred in this action.

DATE: September 25, 2025　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　SCHWARTZ, STEINSAPIR, DOHRMANN
　　　　　　　　　　　　　　　　　　& SOMMERS LLP
　　　　　　　　　　　　　　　　　MICHAEL R. FEINBERG
　　　　　　　　　　　　　　　　　MARGO A. FEINBERG

　　　　　　　　　　　　　　　　　By */s/Margo A. Feinberg*
　　　　　　　　　　　　　　　　　　　MARGO A. FEINBERG
　　　　　　　　　　　　　　　　　Attorney for Defendant, DIRECTORS GUILD OF
　　　　　　　　　　　　　　　　　　　　　　　AMERICA, INC.

---

[2] Monetary sanctions under Section 128.7(b)(2) are not awardable against a represented party. Code Civ. Proc., § 128.7(d)(1). Thus, the sanctions sought here are against Plaintiff's counsel, but not Plaintiff.

**CERTIFICATION OF WORD COUNT**

The undersigned counsel of record for Defendant Directors Guild of America, Inc. certifies this Memorandum of Points and Authorities in Support of Defendant's Motion For Sanctions contains 2,507 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 25, 2025                     Respectfully Submitted,

SCHWARTZ, STEINSAPIR, DOHRMANN
  & SOMMERS, LLP
MICHAEL FEINBERG
MARGO A. FEINBERG

By */s/Margo A. Feinberg*
     MARGO A. FEINBERG
   Attorneys for Defendant,
DIRECTORS GUILD OF AMERICA, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS